UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION – LEXINGTON

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY ) | Case No. _____ |
| ) | ELECTRONICALLY FILED |
| PLAINTIFF ) | |
| ) | |
| vs. ) | |
| ) | |
| SOUTH GULF, INC. ) | |
| P.O. Box 605 ) | |
| Bonifay, Florida 32425 ) | |
| Serve:   Laurence J. Zielke ) | |
|            Zielke Law Firm, PLLC ) | |
|            1250 Meidinger Tower ) | |
|            462 South 4th Street ) | |
|            Louisville, Kentucky 40202 ) | |
| ) | |
| 2H&V CONSTRUCTION SERVICES, LLC ) | |
| P.O. Box 1301 ) | |
| Bonifay, Florida 32425 ) | |
| Serve:   Gregory A. Scott ) | |
|            1502 Thurso Road ) | |
|            Lynn Haven, Florida 32444 ) | |
| ) | |
| GREGORY A. SCOTT ) | |
| 1502 Thurso Road ) | |
| Lynn Haven, Florida 32444 ) | |
| ) | |
| DEFENDANTS ) | |

# COMPLAINT

Comes the Plaintiff, Great American Insurance Company ("Great American"), by counsel, and for its Complaint against the Defendants, South Gulf, Inc. ("SGI"), 2H&V Construction Services, LLC ("2H&V"), and Gregory A. Scott ("Scott"), hereinafter collectively referred to as "Defendants," unless the context requires otherwise, and states as follows:

## JURISDICTION AND VENUE

1.	Great American is a corporation organized and existing under the laws of the State of Ohio, with its principal place of business at 580 Walnut Street, Cincinnati, Ohio.

2.	SGI is a corporation organized under the laws of the Commonwealth of Kentucky with a principal office at Bonifay, Florida.

3.	2H&V is a limited liability company organized under the laws of the State of Florida with a principal office at Bonifay, Florida.

4.	Scott is an individual citizen who resides in the State of Florida.

5.	Jurisdiction is proper herein pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and the parties are of diverse citizenship.

6.	Venue is the proper herein pursuant to 28 U.S.C. § 1391 as the bonded project giving rise to this action is located in Lexington, Kentucky.

## FACTS COMMON TO ALL CLAIMS

7.	In 2007, the Defendants entered into a contractual relationship with Great American whereby Great American would consider underwriting surety bonds requested by them.

8.	On September 6, 2007, the Defendants entered into an Agreement of Indemnity with Great American (the "AOI"), a copy of which is attached as Exhibit "A" and is incorporated herein by reference as though fully set forth herein, whereby the Defendants, jointly and severally agreed, among other things, to the following terms and conditions:

NOW, THEREFORE, in consideration of the premises and for other good and valuable consideration, the receipt and sufficiency of which is expressly acknowledged by the Undersigned, the Undersigned for themselves, their heirs, executors, administrators, successors and assigns, jointly and severally and/or collectively, hereby covenant and agree with the Surety, its successors and assigns, as follows:

* * * * *

### INDEMNITY/EXONERATION

SECOND:  The Undersigned jointly, severally and/or collectively shall exonerate, indemnify, hold harmless and keep the Surety indemnified from and against any and all liability for losses, costs, and/or expenses of whatsoever kind or nature (including, but not limited to, interest, court costs, consultant or expert fees, and counsel fees) and from and against any and all such losses and/or expenses which the Surety may sustain and incur: (1) By reason of having executed or procured the execution of Bonds on behalf of any of the Undersigned, (2) By reason of the failure of the Undersigned to perform or comply with any of the covenants and conditions of this Agreement or (3) In enforcing any of the terms, covenants or conditions of this Agreement.  Payment by reason of the aforesaid causes shall be made to the Surety by the Undersigned, upon demand by the Surety, as soon as liability exists or is asserted against the Surety, whether or not the Surety shall have made any payment therefore.  The amount of such payment to the Surety by the Undersigned shall be determined by the Surety and the Surety's demand for payment hereunder may at the Surety's option be in addition to and not in lieu of or substitution for any other collateral that may have been previously deposited with Surety by or on behalf of the Undersigned. . . . The Surety's demand shall be sufficient if sent by registered or certified mail, by facsimile transmission, or by personal service to the Undersigned at the addresses stated herein, or at the addresses of the Undersigned last known to the Surety, regardless of whether such demand is actually received.  The Undersigned acknowledge that the failure of the Undersigned to deposit with the Surety, immediately upon demand, the sum demanded by the Surety as payment shall cause irreparable harm to the Surety for which the Surety has no adequate remedy at law.  The Undersigned agree that the Surety shall be entitled to injunctive relief for specific performance of any or all of the obligations of the Undersigned under this Agreement including the obligation to pay to the Surety the sum demanded and hereby waive any claims or defenses to the contrary.  In the event of any payment of any kind

by the Surety, the Undersigned further agree that in any accounting between the Surety and the Undersigned, the Surety shall be entitled to charge for any and all disbursements made by the Surety in good faith in and about the matters herein contemplated by this Agreement under the belief that the Surety is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient for the Surety to make such disbursements, whether or not such liability, necessity or expediency existed; and that the vouchers, invoices, an affidavit or other evidence of any such payments made by the Surety shall be prima facie evidence of the fact and amount of the Undersigned's liability to the Surety.  Each of the Undersigned authorizes and empowers any attorney in any state of the United States, at the request of Surety, to waive the issuing and service of process and to appear for and confess judgment against any of the Undersigned for any sum or sums due under this Agreement, together with the costs of suit, without stay of execution, waiving inquisition and condemnation of real estate; and to release all errors and waive all right of appeal and stay of execution on behalf of the Undersigned.

## ASSIGNMENT

THIRD:  The Undersigned hereby consenting, will assign, transfer and set over, and do hereby assign, transfer and set over to the Surety, as collateral, to secure the obligations in any and all of the paragraphs of this Agreement and any other indebtedness and liabilities of the Undersigned to the Surety, whether heretofore or hereafter incurred, the assignment to become effective retroactive to the date of the first Bond, but only in the event of (1) any abandonment, forfeiture or breach or alleged breach of any contracts referred to in the Bonds or of any breach of alleged breach of any Bonds; or (2) of any breach or alleged breach of the provisions of any of the paragraphs of this Agreement; or (3) of a default or alleged default in discharging such other indebtedness or liabilities when due; or (4) of any assignment by the Undersigned for the benefit of creditors, or of the appointment or of any application for the appointment of a receiver or trustee for the Undersigned whether insolvent or not; or (5) of any proceeding which deprives the Undersigned of the use of any of the machinery, equipment, plant, tools, or material referred to in section (b) of this paragraph; or (6) of the Undersigned's dying, absconding, disappearing, incompetency, being convicted of a felony, or imprisonment if the Undersigned be an individual: (a) All the rights of the Undersigned in, and growing in any manner out of the Bonds or any contracts referred to in the Bonds; (b) All the rights, title and interest of the Undersigned in and to all machinery, equipment, vehicles, plant, tools and materials which

are now, or may hereafter be, about or upon the site or sites of any and all of the contractual work referred to in the Bonds or elsewhere, including materials purchased for or chargeable to any and all contracts referred to in the Bonds, materials which may be in process of construction, in storage elsewhere, or in transportation to any and all of said sites: (c) All the rights, title and interest of the Undersigned in and to all subcontracts let or to be let in connection with any and all contracts referred to in the Bonds, and in and to all surety bonds supporting such subcontracts; (d) All actions, causes of actions, claims and/or the proceeds therefrom and any demands whatsoever which the Undersigned may have or acquire against any party, including but not limited to owners, obligees, subcontractors, laborers or materialmen, architects, engineers or any person furnishing or agreeing to furnish or supply labor, material, supplies, machinery, tools or other equipment in connection with or on account of any and all contracts referred to in the Bonds; and against any surety or sureties of any party including, but not limited to, prime contractors, subcontractors, laborers, or materialmen; (e) Any and all percentages retained and any and all sums that may be due or hereafter become due on account of any and all contracts referred to in the Bonds and all other contracts whether bonded or not in which the Undersigned has an interest; (f) Any and all accounts receivable, marketable securities, rents, proceeds of sale, instruments, chattel paper, letters of credit, documents of title, bills of lading, federal tax refunds, state and local tax refunds, and general intangibles; (g) Any and all policies of insurance. . . . Notwithstanding the foregoing, Undersigned further agree to execute and deliver to the Surety, upon its request, such further or additional instruments as may be necessary or desirable in the Surety's sole and absolute discretion to permit or facilitate either the filing of this Agreement as a Financing Statement and/or Security Agreement, or the filing of separate Financing Statements and/or Security Agreements, based upon this Agreement, in such states, counties, and/or other places as the Surety may deem necessary or advisable.

## TRUST FUNDS

FOURTH:  Undersigned covenant and agree that all funds received by them, or due or to become due under any contract covered by any Bond are trust funds whether in the possession of the Undersigned or another, for the benefit of all parties to whom the Undersigned incurs obligations in the performance of the contract covered by the Bond(s) and/or for the benefit of, payment to or reimbursement of the Surety for any liability, loss or expense the Surety may incur under the Bond(s) or in enforcing this

Agreement. If the Surety discharges any such obligation, the Surety shall be entitled to assert the claims of any such party to the trust funds.

### BOOKS AND RECORDS

TENTH: At any time, and until such time as the liability of the Surety under any and all Bonds is terminated, the Surety shall have the right to examine and copy the books, records, and accounts of the Undersigned; and any bank depository, materialman, supply house, or other person, firm or corporation when requested by the Surety is hereby authorized and directed by the Undersigned to furnish the Surety with any information requested including, but not limited to, the status of the work under contracts being performed by the Undersigned, the condition of the performance of such contracts and payments of accounts.

9. After entering into the AOI, the Defendants began requesting surety bonds from Great American for various construction projects.

10. In reliance upon the financial condition of the Defendants and the AOI entered into by the Defendants, among other things, Great American approved various requested bonds by 2H&V, including a Performance Bond and Payment Bond (the "Bonds") for a project known as "Replace A/C3 & A/C4, CDD" at VA Medical Center, Lexington, Kentucky, being VA Contract No. VA249C-0235 (the "Project"), copies of which are attached hereto as Exhibit "B."

11. Pursuant to the terms of the Bonds, Great American guaranteed performance of the contract and guaranteed payment of certain obligations 2H&V incurred on the Project should 2H&V default.

12. Following execution of the Bonds, Great American has received a claim and demand on its Payment Bond from Sergent Systems, Inc. ("SSI") in the amount of $132,100.00.

13. Following receipt of SSI's claim, Great American served a demand for collateral pursuant to the AOI on the Defendants on November 19, 2009. (See attached Exhibit "C.")

Pursuant to the AOI, Great American made a collateral demand of $172,190.00. The Defendants have failed and refused to make payment of the requested collateral and are in breach of the AOI.

14. To date, Great American has incurred expenses and attorney fees related to the claim of SSI in the amount of $7,577.00, and continues to incur attorney fees, expenses, and costs related to the claim of SSI. Pursuant to the AOI, Great American made a demand for indemnity from the Defendants on March 17, 2010. (See attached Exhibit "D.") The Defendants have failed and refused to make payment of the requested indemnify and are in breach of the AOI.

15. As a result of the Defendants' failure to post collateral as demanded by Great American, the failure of the Defendants to indemnify it as demanded by Great American, and the claim of SSI, Great American fears that it will suffer losses and expenses in an amount of at least $172,190.00, and that it will have no ability to protect itself against such losses and expenses without immediate relief from this Court.

## COUNT I
### Breach of AOI

16. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein.

17. Great American has performed and is performing its obligations pursuant to the Bonds it wrote on behalf of 2H&V Construction and has demanded that the Defendants perform in accordance with the terms of the AOI. The Defendants have failed and refuse to perform their obligations under said AOI and are therefore in breach of the same.

18. As a result of the Defendants' breach of the AOI, Great American has received a claim under its Bonds in excess of the jurisdictional limit of this Court and may incur additional losses, the total exact amount of which losses and expenses are unknown at this time, all for

which the Defendants are jointly and severally liable to indemnify, exonerate, and hold harmless Great American.

19. As a result of the Defendants' breach of the AOI, Great American has employed counsel and consultants who are not regularly salaried employees of Great American and has suffered expenses relating to their services, all for which the Defendants are liable to Great American pursuant to the terms of said AOI.

## COUNT II
### Exoneration

20. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein

21. Great American has been called upon by a subcontractor and/or vendors to perform pursuant to its obligations under the Bonds, and as a result, has estimated that it will suffer losses and expenses in the minimum amount of $172,190.00, and has potential liability to the extent of the penal sum of each of its Bonds, and has made demand on the Defendants to exonerate it and to place collateral with it in the amount of $172,190.00. The Defendants have failed and refused to pay such collateral to Great American.

22. Pursuant to the terms of the AOI, Great American is entitled to be exonerated by the Defendants herein and is therefore entitled to an Order from this Court requiring the Defendants to place funds or other security with Great American in the amount of $172,190.00, and for such further amounts as appropriate.

## COUNT III
### *Quia Timet*

23. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein

24. As stated hereinabove, Great American has received a claim under its Bonds, and has demanded the Defendants to hold it harmless and exonerate it from and against the potential losses, and indemnify if for incurred expenses, costs, and attorney fees.

25. The Defendants have failed and refused and continue to refuse to perform their obligations under the AOI, and Great American fears that it will suffer further due to the Defendants' default and failure to honor their obligations to Great American under the AOI currently in an amount of at least $172,190.00.

26. Based upon Great American's fears of potential losses, the Defendants' failure to honor their obligations under the AOI, and the equitable principle of *quia timet,* Great American is entitled to hold collateral from the Defendants in an amount valued at no less than $172,190.00 in order that Great American's rights are adequately protected. Unless the Defendants are ordered to immediately place collateral with Great American, it will not be adequately secured for its obligations prior to making any payments under its Bonds.

## COUNT IV
### Specific Performance

27. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein.

28. Great American has demanded that the Defendants honor their obligations to it under the AOI, and the Defendants have refused and continue to refuse to do the same.

29. Great American is entitled to specific performance of the AOI and to be placed in funds or to receive collateral from the Defendants in an amount equal to Great American's loss and expenses and potential losses and expenses under its Bonds which amount is currently estimated to be $172,190.00 and which amount Great American reserves the right to supplement to conform to its actual losses and potential losses under its Bonds. Further, pursuant to the

terms of the AOI, Great American is entitled to specific performance of the assignment provisions thereof as set forth above, and is entitled to appropriate Orders of this Court compelling the payment of the assigned contract amounts to Great American.

### COUNT V
### K.R.S. 412.080

30. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein

31. Pursuant to K.R.S. 412.080, upon motion by Great American it shall be granted judgment against 2H&V for any amounts paid by Great American, as surety, on behalf of its principal, 2H&V.

### COUNT VI
### Access to Books and Records

32. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein

33. Pursuant to the AOI, Great American is entitled to reasonable access to the books, records, and accounts of the Defendants herein.

34. Great American is entitled to specific performance of this term of the AOI, and this Court should order the Defendants to immediately make available for inspection the books, records, and accounts of the Defendants.

### COUNT VII
### Injunctive Relief

35. Great American hereby restates, reiterates and realleges each and every allegation contained in the paragraphs hereinbefore stated as though fully set forth herein

36. Pursuant to the AOI, Great American made a collateral demand on the Defendants in an amount to cover any potential losses. Defendants are required to comply and pay the

amount requested under that demand. The Defendants refused and ignored Great American's request, and have refused to place funds with Great American in accordance with the AOL.

37. Pursuant to the AOI, the Defendants agreed that their failure to deposit with Great American, immediately upon demand the amount demanded, shall cause irreparable harm to Great American for which Great American has no adequate remedy at law. The Defendants further agreed that Great American was entitled to injunctive relief to enforce the Defendants' obligations thereunder.

38. Great American justifiably fears that it will suffer losses and expenses under its Bond, and in accordance with the AOI, pursuant to the equitable doctrines of exoneration and quia timet, Great American is entitled to have Defendants place funds or other security totaling $172,190.00 to cover the estimated losses, but the Defendants have failed and refused to place such security with Great American.

39. Great American is entitled to be fully collateralized by Defendants prior to making any further payments in discharge of its bonded obligations. Unless injunctive relief is granted, Great American will not be adequately secured for its obligations prior to making such further payments.

40. Great American is without a plain, speedy or adequate remedy at law, and will be irreparably and permanently injured unless this Court grants the injunctive relief and equitable relief as prayed herein.

NOW, WHEREFORE, the Plaintiff, Great American Insurance Company, demands:

1. Judgment on Count I of its Complaint against the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, jointly and severally, in the amount of $172,190.00 with interest thereon at the legal rate from the date of payment by the Plaintiff until

paid by the Defendants, which amount the Plaintiff reserves the right to amend to conform to its actual losses incurred herein;

2. Judgment on Count II of its Complaint against the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, jointly and severally, currently in the amount of $172,190.00, exonerating and relieving the Plaintiff from all liability, loss, costs, damages, and expenses under its Bonds, whether known, incurred, or to be incurred, and by the use of such means as the Court may deem just, reasonable, and feasible;

3. Judgment on Count III of its Complaint against the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, jointly and severally, in an amount of at least $172,190.00, requiring the Defendants to immediately provide the Plaintiff with collateral, consisting of real or personal property, to protect the Plaintiff from its potential losses as set forth herein;

4. Judgment on Count IV of its Complaint against the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, jointly and severally, requiring that they specifically perform their AOI obligations by placing funds or collateral with the Plaintiff in the amount of the Plaintiff's losses and potential losses under its bonds, currently in the amount of $172,190.00 and such Orders as are appropriate to enforce the assignment provisions of the AOI as set forth hereinabove;

5. Judgment on Count V of its Complaint against the Defendant, 2H&V Construction Services, LLC, in an amount in excess of the jurisdictional limit of this Court;

6. Judgment on Count VI of its Complaint against the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, jointly and severally, requiring that

they specifically perform their AOI obligations by making immediately available for inspection the books, records, and accounts of the Defendants;

7. That the Court grant the Plaintiff, Great American Insurance Company, the injunctive relief it seeks in Count VII enjoining the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, from transferring or conveying any assets they own, possess, or have any rights in, during this cause of action;

8. Judgment against the Defendants, South Gulf, Inc., 2H&V Construction Services, LLC, and Gregory A. Scott, jointly and severally, for its reasonable attorney's fees, expenses, and costs incurred herein, as set forth hereinabove; and

9. For any and all other relief which the Court may deem appropriate.

Respectfully Submitted,

*/s/ Timothy D. Martin*
TIMOTHY D. MARTIN
WARD, HOCKER & THORNTON, PLLC
Hurstbourne Place, Suite 700
9300 Shelbyville Road
Louisville, Kentucky 40222
Telephone:  (502) 583-7012
Facsimile:   (502) 583-7018
TMartin@whtlaw.com
*Counsel for Plaintiff*
*Great American Insurance Company*